Kansas Insurance Department
Ken Selzer, CPA, Commissioner of Insurance

March 24, 2016

Life Insurance Co of North America
Attn: Eugene Thomas Diebold
Two Liberty Place, 1601 Chestnut St., TL18A
Philadelphia, PA 19192

Dear Mr. Diebold:

You are hereby notified that action has been commenced against your company in the District Court of Sedgwick County, State of Kansas, by Vanessa Nguyen.

Copies of the following papers, which were received by this Department on March 24, 2016, are enclosed:

**Summons and Petition.**

Thank you for your attention to this matter.

Sincerely,

Ken Selzer, CPA
Commissioner of Insurance

SP: lgh
Enclosures

ELECTRONICALLY FILED
2016 Mar 21 PM 4:43
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2016-CV-000679-CE

Vanessa Nguyen

vs.

Life Insurance Company of North America

## SUMMONS

To the above-named Defendant/Respondent:

**Life Insurance Company of North America**
**Kansas Insurance Commissioner**
**Attn: Legal Division**
**420 SW 9th St**
**Topeka, KS 66612**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Nathan R. Elliott
200 W. Douglas Ave.
Suite 1010
Wichita, KS 67208

within 40 days after service of summons on you.

SEAL

B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court

**Documents to be served with the Summons:**
PLE: Petition Petition

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Bldg., Suite 1010
200 W. Douglas
Wichita, KS 67202
316.267.1562 (telephone)
316.303.1018 (facsimile)

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**SEDGWICK COUNTY, DISTRICT COURT**
**CIVIL DIVISION**

| | | |
|---|---|---|
| VANESSA NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LIFE INSURANCE | ) | |
| COMPANY OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to K.S.A. Chapter 60

DC 18

**PETITION**

COMES NOW the Plaintiff, Vanessa Nguyen, by and through counsel, and for her cause of action against Defendant Life Insurance Company of North America, states and alleges as follows:

1. This is an action to recover benefits under an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

2. Plaintiff Vanessa Nguyen ("Nguyen") is a resident of Sedgwick County, Kansas.

3. Defendant, Life Insurance Company of North America ("Cigna"), is a foreign insurance company authorized to transact business in the state of Kansas. Pursuant to K.S.A. 40-218, Cigna may be served with process through its statutory agent, the Kansas Insurance Commissioner, by serving Commissioner of Insurance, Attn: Legal Division, Kansas Insurance Department, 420 SW 9th St., Topeka, KS 66612.

4. Subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court. ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); K.S.A. 40-218.

5. Nguyen exhausted all required administrative remedies prior to bringing suit.

6. Nguyen, a native of Vietnam, graduated from a Vietnamese high school in 1985. She then immigrated to the United States in 1994, and became a United States citizen in 2000.

7. On August 26, 1996, Nguyen began working as a sheet metal assembly worker at the Beechcraft facility in Wichita, Kansas. As a sheet metal assembly worker, Nguyen installed duct work, wrapped insulation, connected the ductwork, and read blueprints. She also assembled parts, drilled, installed rivets, sanded parts, and conducted pressure tests.

8. Nguyen's employment at Beechcraft involved no interaction with customers or the general public. As a result, Nguyen was able to excel at her job even though she has extremely limited English language reading, writing, and communication skills and is computer illiterate.

9. Through her employment at Beechcraft, Nguyen was a participant in a long-term disability insurance contract (the "Policy") issued by Cigna to Beechcraft, policy number VDT0980034.

10. According to the Policy:

> *"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
> *1) unable to perform the material duties of his or her Regular Occupation; and*
> *2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*
>
> *After Disability Benefits have been payable for 15 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
> *1. unable to perform the material and substantial duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
> *2. unable to earn 60% or more of his or her Indexed Earnings.*

11. In August 2012, Nguyen underwent surgery for bilateral carpal tunnel syndrome. As a result, Nguyen was issued permanent restrictions to limit repetitive gripping and grasping of the upper extremities to no more than occasionally to frequently and no more than two to five pounds of lifting with either upper extremity.

12. Initially, Beechcraft accommodated Nguyen's restrictions and limitations by allowing her to return to work in October 2012 and perform light duty functions that did not conflict with her restrictions and limitations.

13. In August 2013, Beechcraft was no longer willing to accommodate Nguyen's restrictions and limitations, so it terminated her employment.

14. On approximately November 7, 2013, Nguyen submitted a claim to Cigna seeking long-term disability ("LTD") benefits under the Policy.

15. On December 12, 2013, Cigna denied Nguyen's claim to LTD benefits under the Policy, erroneously concluding that Nguyen was capable of performing her own occupation.

16. Nguyen appealed the denial of LTD benefits on June 6, 2014.

17. On January 13, 2015, Cigna reversed its denial and approved Nguyen's claim for LTD benefits under the Policy, with a date of disability of August 9, 2013 and benefits commencing on November 7, 2013.

18. Just ten days after approving Nguyen's claim to LTD benefits, on January 23, 2015, Cigna sent a letter to Nguyen reversing course and again denying Nguyen's LTD benefits effective February 6, 2015. The letter explained that although Nguyen was still unable to perform the material and substantial duties of her own occupation as a sheet-metal worker due to the restrictions and limitations imposed in relation to her Carpal Tunnel Syndrome, Cigna believed she was able to perform certain sedentary occupations which would pay at least 60 percent of her

Indexed Earnings. Thus, Nguyen would not be considered disabled as of February 6, 2015 because of the changing definition of "disabled" under the Policy. (See, ¶ 10).

19. Cigna's January 23, 2015 letter identified the following occupations for which it alleged that Nguyen possessed the transferrable skills and residual functional capacity to perform, and which would pay at least 60 percent of Nguyen's Indexed Earnings:

- Assignment Clerk (DOT # 215.367-010) – Sedentary
- Dispatcher, Maintenance Service (DOT + 239.367-014) – Sedentary
- Expeditor (DOT # 222.367-018) – Sedentary
- Identification Clerk (DOT # 205.362-022) – Sedentary
- Service Clerk (DOT # 221.367-070) – Sedentary
- Work-Order-Sorting Clerk (DOT # 221.367-082) - Sedentary

20. Cigna's conclusion that Nguyen possessed the transferable skills and capacity to perform these six occupations was based solely on a one-page Transferrable Skills Analysis ("TSA") prepared by Vince Engel, an in-house Rehabilitation Specialist who has a direct bias to assisting his employer in reaching Cigna's desired results of terminating benefit payments.

21. Mr. Engel did not meet with, interview, test, or otherwise interact with Nguyen in any manner.

22. Mr. Engel did not analyze or explain the level of written or verbal communication skills, reading, sentence comprehension, spelling, or math computation skills that each of these six occupations would require, nor whether Nguyen possessed the requisite level of each of these skills.

23. While Mr. Engel's TSA claims that it was based on Nguyen's "skills, education, work history, wage requirement and station in life," he did not discuss any of Nguyen's past jobs. Nor did Mr. Engel describe the skills required to perform the six jobs that he identified.

24. Instead of listing the actual skills required for the six jobs, or how Nguyen's work history and education prepared her for those jobs, Mr. Engel simply listed the DOT's "Specific Vocational Preparation" ("SVP") number for each of these jobs.

25. Mr. Engel's perfunctory approach to performing TSAs for Cigna without any consideration for the claimant's actual skills has been repudiated by at least two federal courts. In 2011, Judge Thomas Phillips of the Eastern District of Tennessee reversed a Cigna denial of benefits because Mr. Engel's TSA was so inadequate as to deprive the claimant of a full and fair review of his benefits claim. *Yates v. Bechtel Jacobs Co., LLC*, No. 3:09-CV-51, 2011 WL 1157694 (E.D. Tenn. Mar. 28, 2011). In 2014, Judge Lloyd George of the District of Nevada reversed another Cigna benefits denial and found that Mr. Engel's analysis in a perfunctory TSA for Cigna was an "insufficient basis to conclude that the identified occupations could be performed," that there was a "lack of credibility" in his identification of one job, and that "the value of his Analysis becomes suspect." *Brown v. Life Ins. Co. of North America*, 7 F.Supp.3d 1125, 1135 (D. Nev. 2014).

26. On July 21, 2015, Nguyen appealed Cigna's decision to deny her LTD benefits effective February 6, 2015. Nguyen's appeal included a detailed report dated July 20, 2015 from Karen Terrill, an experienced vocational rehabilitation expert.

27. Terrill reviewed Cigna's claim file and met with Nguyen to assess her skills, including her English language skills. Terrill administered a Wide Ranging Achievement Test to Nguyen. Terrill concluded that Nguyen's word reading, sentence comprehension, and spelling

skills were in the bottom two percent of the population, with a grade level equivalent of 2.8 to 4.0. Terrill concluded that Nguyen's math computation skills were in the bottom eighteen percent of the population with a grade equivalent of 6.3. Each of these skill levels are below the stated requirements for each of the six occupations identified by Cigna.

28. Terrill also concluded that many of the occupations identified by Cigna involve frequent handling and fingering, which was prohibited by the permanent restrictions imposed on Nguyen that precluded more than occasional to frequent gripping and grasping.

29. Terrill concluded that Nguyen is not able to do any of the occupations Cigna identified, and that Nguyen had no transferrable skills that would allow her to work in a gainful occupation within the permanent restrictions that prevented her from continuing to work in the industry in which she had spent her entire career.

30. On July 28, 2015, Cigna sent Nguyen a letter acknowledging receipt of the "Terrill & Associates, Inc., Vocational Assessment dated 7/20/2015."

31. On September 14, 2015, Cigna denied Nguyen's appeal and again affirmed its decision to deny her LTD benefits effective February 6, 2015.

32. Cigna's September 14, 2015 letter explaining its decision to uphold its termination of Nguyen's LTD benefits states that "Ms. Nguyen's complete file, including any additional information you submitted, was reviewed in its entirety without deference to prior reviews. *Additional information we received consisted of: --Supplemental medical information included with your letter of appeal dated July 21, 2015.*" (emphasis added).

33. Contrary to Cigna's September 14, 2015 letter, Nguyen did not submit *any* supplemental medical information with her July 21, 2015 letter of appeal.

34. Cigna's September 14, 2015 letter did not acknowledge receipt of the Terrill vocational report. According to Cigna's September 14, 2015 letter, the Terrill vocational report was not among the information reviewed in processing Nguyen's claim to LTD benefits.

35. Cigna's September 14, 2015 letter explained that the peer review of Nguyen's medical records was performed by Dr. Randal F. Wojciehoski.

36. Dr. Wojciehoski is an emergency room physician who is regularly engaged by the insurance industry to provide file review services and "independent medical exams" to support disability benefits denials. Dr. Wojciehoski is not a vocational rehabilitation expert.

37. Dr. Wojciehoski's Peer Review referred to the Terrill vocational report in passing: "07/20/2015 – Evaluation of her medical file recommending different work levels by Karen Terrill, a vocational rehabilitation specialist." Dr. Wojciehoski did not otherwise mention, analyze or consider the Terrill vocational report.

38. While wholly disregarding the Terrill report, Dr. Wojciehoski turned to Cigna's in-house file-reviewing vocational "expert," Mr. Vince Engel, for guidance: "Let me note that the vocational rehabilitation specialist found that Ms. Nguyen was capable of working as an assignment clerk, dispatcher in maintenance service, an expediter, identification clerk, service clerk, and work order sorting clerk."

39. Dr. Wojciehoski concluded his review by affirming Cigna's decision to deny Nguyen LTD benefits.

40. Dr. Wojciehoski's conclusions are of little value because they are based in large part on Mr. Engel's erroneous findings in his TSA and they wholly disregard the analysis and findings in the Terrill vocational report. Additionally, as the United States Supreme Court has recognized, "physicians repeatedly retained by benefits plans may have an incentive to make a

finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832 (2003).

41. Nothing in the Administrative Record indicates that Cigna reviewed or gave any consideration whatsoever to the Terrill vocational report.

42. Cigna did not have any vocational experts analyze the Terrill vocational report or perform any vocational assessment to test the conclusions reached by the Terrill vocational report.

43. Nguyen's disability prevents her from being able to perform the material and substantial duties of any occupation which would pay at least 60 percent of Nguyen's Indexed Earnings and for which she is, or may reasonably become, qualified based on education, training or experience.

44. Nguyen is under the regular care and treatment of a physician.

45. Nguyen is entitled to benefits under the Policy.

46. Cigna's denial of Nguyen's claim for LTD benefits under the Policy effective February 5, 2015 was arbitrary, capricious, and not supported by substantial evidence.

47. Cigna wholly abandoned its fiduciary duties to Nguyen by completely disregarding the Terrill vocational report and instead denying benefits based on Mr. Engel's worthless TSA, the likes of which have been rejected by multiple courts.

48. Cigna abused its discretion in its denial of Nguyen's claim for LTD benefits under the Policy effective February 5, 2015.

49. Nguyen seeks to enforce her right to LTD benefits under the Policy, and to clarify her rights to future benefits under the Policy.

WHEREFORE, Plaintiff Vanessa Nguyen prays this Court grant judgment in her favor, and against Defendant Life Insurance Company of North America, order that the Defendant pay

disability benefits, costs, and attorneys' fees, and award other relief that is just and proper, pursuant to ERISA § 502(a)(1)(B) and (g).

Submitted by:

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Building
200 W. Douglas, Suite 1010
Wichita, KS 67202
316.267.1562 (telephone)
316.303.1018 (facsimile)

s/ Nathan R. Elliott
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
Nathan R. Elliott, #24657

Kansas Insurance Department
Ken Selzer, CPA, Commissioner
420 SW 9th Street, Topeka, KS 66612-1678

Legal

CERTIFIED MAIL

7012 2920 0001 2199 2553

LEGAL

Life Insurance Co of North America
Attn: Eugene Thomas Diebold
Two Liberty Place, 1601 Chestnut St., TL18A
Philadelphia, PA 19192

5

Hasler
03/24/2016
US POSTAGE $007.17[5]
ZIP 66606
011E12650518
FIRST-CLASS MAIL