IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VANESSA NGUYEN,<br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:16-cv-1112-EFM-TJJ |

**Answer of Defendant**

Defendant Life Insurance Company of North America answers the Petition of plaintiff as follows:

1. Defendant admits the allegations in paragraph 1, but it denies that plaintiff is entitled to prevail in this action.

2. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies them.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. Answering further, defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies them, as exhaustion is dependent on the arguments, evidence, and claims presented in this lawsuit.

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies them.

7. In response to paragraph 7, defendant admits only that the given date was reported to LINA as her first day working at Beechcraft as a sheet metal assembly worker. The

administrative record contains information about her plaintiff's job duties, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 7.

8. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies them.

9. In response to paragraph 9, defendant admits only that plaintiff was a "participant" in a "welfare benefit plan," as those terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), which is funded by an insurance policy issued by LINA to Beechcraft, bearing policy number VDT0980034 (the "Policy"). Defendant denies the remaining allegations in paragraph 9.

10. In response to paragraph 10, defendant states that the contents of the Policy speak for themselves. Answering further, defendant denies that plaintiff accurately or completely quoted the "Definition of Disability/Disabled" contained in the Policy.

11. In response to paragraph 11, defendant admits only that plaintiff did undergo the surgery, and that she was issued the restrictions listed. Defendant denies the remaining allegations in paragraph 11.

12. In response to paragraph 12, defendant admits only that plaintiff returned to work with Beechcraft in or about October 2012. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, denies them.

13. In response to paragraph 13, defendant admits only that plaintiff's employment with Beechcraft terminated in or about August 2013. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and, therefore, denies them.

14. Defendant admits the allegations in paragraph 14.

15. In response to paragraph 15, defendant states that the content of the denial letter speaks for itself. Answering further, defendant admits only that by letter dated December 12, 2013, it denied benefits for the reasons stated therein and based on information available at the time. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

17. In response to paragraph 17, defendant admits only that it approved a request for benefits under the Policy for the period stated for the reasons contained in the letter, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 17.

18. In response to paragraph 18, defendant admits only that it denied a request for continued benefits beyond February 5, 2015 under the Policy for the reasons contained in the letter, the content of which speaks for itself. Defendant denies that plaintiff accurately or completely summarized the contents of that letter and denies the remaining allegations in paragraph 18.

19. In response to paragraph 19, defendant admits only that it denied a request for continued benefits beyond February 5, 2015 under the Policy for the reasons contained in the letter, the content of which speaks for itself. Defendant denies that plaintiff accurately or completely summarized the contents of that letter and denies the remaining allegations in paragraph 19.

20. In response to paragraph 20, defendant admits only that the administrative record contains a Transferrable Skills Analysis conducted by Vince Engel, the content of which speaks for itself, and that is referenced in the denial letter dated January 23, 2015, the content of which also speaks for itself. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. In response to paragraph 23, defendant admits only that the administrative record contains a Transferrable Skills Analysis conducted by Vince Engel, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 23.

24. In response to paragraph 24, defendant admits only that the administrative record contains a Transferrable Skills Analysis conducted by Vince Engel, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 24.

25. In response to paragraph 25, defendant admits only that the contents of the legal decisions referenced speak for themselves, and that plaintiff mischaracterizes those decisions. Defendant denies the remaining allegations in paragraph 25.

26. In response to paragraph 26, defendant admits only that plaintiff submitted an appeal letter dated July 21, 2015, and that a report from Karen Terrill was attached thereto, the content of the letter and the report speak for themselves. Defendant denies the remaining allegations in paragraph 26.

27. In response to paragraph 27, defendant admits only that plaintiff submitted an appeal letter dated July 21, 2015, and that a report from Karen Terrill was attached thereto, the content of the letter and the report speak for themselves. Defendant denies the remaining allegations in paragraph 27.

28. In response to paragraph 28, defendant admits only that plaintiff submitted an appeal letter dated July 21, 2015, and that a report from Karen Terrill was attached thereto, the content of the letter and the report speak for themselves. Defendant denies the remaining allegations in paragraph 28.

29. In response to paragraph 29, defendant admits only that plaintiff submitted an appeal letter dated July 21, 2015, and that a report from Karen Terrill was attached thereto, the content of the letter and the report speak for themselves. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. In response to paragraph 31, defendant admits only that it denied plaintiff's appeal by letter dated September 14, 2015, for the reasons stated therein. Defendant denies the remaining allegations in paragraph 31.

32. In response to paragraph 32, defendant admits only that it denied plaintiff's appeal by letter dated September 14, 2015, for the reasons stated therein. Defendant denies the remaining allegations in paragraph 32.

33. In response to paragraph 33, defendant admits only that plaintiff submitted an appeal by letter dated July 21, 2015, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 33.

34. In response to paragraph 34, defendant admits only that it denied plaintiff's appeal by letter dated September 14, 2015, for the reasons stated therein. Defendant denies the remaining allegations in paragraph 34.

35. In response to paragraph 35, defendant admits only that it denied plaintiff's appeal by letter dated September 14, 2015, for the reasons stated therein. Defendant denies the remaining allegations in paragraph 35.

36. In response to paragraph 36, defendant states that Dr. Wojciejoski's qualifications are contained within the administrative record, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 36.

37. In response to paragraph 37, defendant admits only that a report by Dr. Wojciejoski is contained within the administrative record, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 37.

38. In response to paragraph 38, defendant admits only that a report by Dr. Wojciejoski is contained within the administrative record, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 38.

39. In response to paragraph 39, defendant admits only that a report by Dr. Wojciejoski is contained within the administrative record, the content of which speaks for itself. Defendant denies the remaining allegations in paragraph 39.

40. In response to paragraph 40, defendant admits only that a report by Dr. Wojciejoski is contained within the administrative record, the content of which speaks for itself. Additionally, the quote from the U.S. Supreme Court case is legal argument, to which a response is not required. Defendant denies the remaining allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. In response to paragraph 42, defendant denies that it is obligated or required to have a vocational expert analyze or perform any assessment to test the information provided by plaintiff on appeal. Answering further, this paragraph attempts to summarize the administrative record, the content of which speaks for itself. Defendant denies that plaintiff has fully or accurately summarized the contents of the record.

43. Defendant denies the allegations in paragraph 43.

44. In response to paragraph 44, defendant admits only that, at one time, plaintiff was under the regular care and treatment of a physician. Defendant lacks information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 44 and, therefore, denies them.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant admits the allegations in paragraph 49, but it denies that plaintiff is entitled to prevail on her claims.

50. Defendant denies all allegations not specifically admitted herein.

**Additional Defenses**

51. The decision to deny plaintiff's request for benefits did not breach any terms of the Plan or the Policy.

52. Plaintiff's case is governed by and subject to ERISA, 29 U.S.C. § 1001, *et seq*.

53. Any claims or remedies plaintiff might assert against defendant is completely preempted by and/or limited to those allowed under 29 U.S.C. § 1132(a)(1)(B).

54. Plaintiff's remedies are limited to those available under ERISA.

55. The Court's review of the alleged failure to provide benefits is limited to the administrative record.

56. The Court's review of the alleged failure to provide benefits shall be for an abuse of discretion.

57. Plaintiff is not entitled to a jury trial.

58. The alleged actions of defendant were justified by, and consistent with, the terms of the applicable plan documents and any duties owed by defendant under ERISA or other federal, state, or common law.

59. Plaintiff may have failed to exhaust administrative remedies as to all or part of her claims, and/or as to arguments or evidence that she may seek to introduce here. Any claims, arguments, and/or evidence not presented during the administrative review through final appeal that plaintiff may seek to rely on in this case have not been exhausted.

60. All decisions made by any defendant related to this case were reasonable and made in good faith and were supported by substantial evidence.

61. Plaintiff has not met the requirements for an award of fees under 29 U.S.C. § 1132(g), or any other authority under federal or state law.

62. If and to the extent it is ultimately determined that plaintiff is eligible for any benefits she is seeking, which defendant denies, the payment of any such benefits would be subject to all terms, provisions, and limitations of the Plan, the Policy, or other such documents under which such benefits are found.

63. Defendant reserves the right to assert such other defenses and matters of avoidance as may be disclosed during the course of subsequent investigation and discovery.

Accordingly, defendant respectfully requests that the Court enter judgment in its favor and against plaintiff. Defendant further requests that is be awarded all just and proper relief, including it attorneys' fees, under 29 U.S.C. § 1132(g), and costs.

Respectfully submitted,
STINSON LEONARD STREET LLP

By s/Christopher J. Leopold

William E. Hanna, KS #14480
Christopher J. Leopold, KS # 19638
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 842-8600 / (816) 691-3495 (fax)
william.hanna@stinson.com
chris.leopold@stinson.com

ATTORNEYS FOR DEFENDANT

Certificate of Service

On May 23, 2016, a copy of the above and foregoing was filed with the Court's ECF system, with service electronically thereby on the following: Nathan Elliott and Donald Peterson, Attorneys for Plaintiff.

s/Christopher J. Leopold
Attorney for Defendant